IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO GARCIA-ESCOBAR | § | |
| | § | |
| v. | § | 2:07-CV-0128 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO DENY
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant FRANCISCO GARCIA-ESCOBAR has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside, or correct sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

In April of 2006, defendant was charged in a one-count indictment, cause number 2:06-CR-33, with illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2) and 6 U.S.C. §§ 202(3), (4) and 557. On June 26, 2006 defendant pled guilty to the indictment. On September 21, 2006, defendant was sentenced to 57 months' imprisonment and a three-year term of supervised release with standard and special conditions and a special assessment of $100.00. Defendant did not appeal, but timely filed a motion for relief under 28 U.S.C. § 2255. This is defendant's first post-conviction motion.

An Order to Show Cause ordering the Government to file an answer issued July 2,

2007, and on August 13, 2007, the Government filed its Response in Opposition. Defendant then filed his Reply.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant argues he was denied effective assistance of counsel in two ways: (1) "Counsel failed to petition for 'fast track' departure to illegal re-entry available in Texas;" and (2) Counsel failed to note and object to alleged errors in calculating defendant's Criminal History Category.

## III.
## MERITS

Both of defendant's grounds allege trial counsel rendered ineffective assistance. In order to obtain relief on the ground of ineffective assistance of counsel, a defendant must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). If a defendant fails to show either the deficiency or prejudice prong of the *Strickland* test, then the court need not consider the other prong. *Id.* at 697, 104 S. Ct. at 2069.

To demonstrate deficiency, the defendant must show counsel's actions "fell below an objective standard of reasonableness." *Id*. at 668, 104 S. Ct. at 2064. Objectively reasonable conduct "requir[es] that counsel 'research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)). A strong presumption exists "that trial counsel rendered adequate assistance and that the

challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066).

To demonstrate prejudice, a defendant must show a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  In order to demonstrate prejudice in the federal sentencing context, a defendant must show a reasonable probability exists that, but for counsel's unprofessional errors, he would have received a lesser sentence. *Grammas*, 376 F.3d at 437-38.

## A.
## "Fast Track" Departure

In his first ground of ineffective assistance of counsel, defendant contends his attorney rendered ineffective assistance of counsel by failing to argue for a "fast track" departure, whereby a defendant who pleads guilty promptly and who agrees to be deported usually receives an additional four point reduction in his Offense Level.  The Government responds that there is no "fast track" or early disposition program in the Northern District of Texas and, therefore, counsel could not have been deficient for failing to request such a departure.  By his reply to the Government's response, defendant appears to concede the point but argues the presence of fast-track departure pursuant to Early Disposition Programs in some, but not all districts creates the type of sentencing disparity cautioned against in section 3553(a)(6) because an illegal alien stopped in an area with a fast-track departure option may receive a much lighter sentence than one stopped in a district where there is only a one-level reduction option for a timely guilty plea.  Defendant suggests the Court should have adjusted his

sentence to eliminate that disparity.

Review of the Memorandae for all United States Attorneys regarding Authorization for Early Disposition Programs, published in the Federal Sentencing Reporter, Vol. 21, No. 4, April of 2009, confirms there was and still is no Early Disposition Program in the Northern District of Texas. Therefore, counsel could not have been ineffective for failing to request relief which was unavailable.

As to defendant's argument that the Court should have adjusted defendant's sentence to address any disparity created by the absence of such a program in the Northern District of Texas, the Fifth Circuit addressed that argument in *United States v. Rodriguez*, 523 F.3d 519, (5th Cir. 2008) and in *United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir. 2008). The Fifth Circuit concluded that any sentencing disparity resulting from implementation of "fast track programs" in some but not all sentencing jurisdictions resulted from Congressional rather than Guideline policy and, accordingly, any sentencing disparity was not "unwarranted" within the meaning of Title 18, United States Code, section 3553(a)(6). Further, the Fifth Circuit likened the "government's decision to offer a fast track plea offer" to "the Attorney General's prosecutorial discretion whether to prosecute, what charge to file, whether to offer a plea agreement, etc." and held that such areas are usually left to the prosecutor's discretion. *United States v. Gomez-Herrera*, 523 F.3d at 561. Lastly, the Fifth Circuit held that any disparity was warranted because defendants in the differing districts were not similarly-situated due to the fact that "fast track" defendants waive certain rights[1] in exchange for a fast-

---

[1]The waiver includes the right to file pretrail motions, the right to appeal, and the right to attack the conviction under 28 U.S.C. § 2255.

track reduction.  Defendants in districts without the "fast track" program do not suffer the same detriments.  *Id*.

Defendant has failed to show counsel was ineffective and defendant has failed to show he suffered any prejudice.  Defendant's first ineffective assistance of counsel contention is without merit.

B.
Criminal History Score

In his second ground of ineffective assistance of counsel, defendant contends counsel was ineffective for failing to object to an alleged miscalculation of his criminal history score. Defendant argues he has only one prior conviction, consisting of three separate charges.[2] Defendant contends these separate charges should count as only a single conviction for determination of his criminal history score.  Defendant states the Pre-Sentence Report treats that single prior offense as six separate offenses, resulting in a category III Criminal History. By his reply to the Government's response, the defendant also argues that the use of his prior convictions in determining his offense level and his criminal history resulted in "double counting."

Review of the Pre-Sentence Report, which defendant testified he had reviewed and found to be correct (Sentencing Tr. p. 14 lines1-9), does not support defendant's

---

[2]The Pre-Sentence Report reflects defendant was convicted in CR96000165 of the October 26, 1995 Possession of Dangerous Drugs offense, but had been indicted in that cause for the Sale of a Dangerous Drug (methamphetamine), Possession of a Dangerous Drug for Sale (Methamphetamine), Possession of Drug Paraphernalia (plastic baggies), and Failure to Obtain Cannabis or Controlled Substance License.  Defendant was convicted in CR96000161 of the January 10, 1996 Possession of Dangerous Drug for Sale, count four of a seven-count indictment.  Further, in CR96000138, defendant was indicted for the January 4, 1996 Sale of a Narcotic Drug, Possession of a Narcotic Drug for Sale, Possession of Drug Paraphernalia and Failure to Obtain Cannabis or Controlled Substance License offenses.  This last indictment was dismissed per the plea agreement in CR96000161 and CR96000165.

representation of a single prior conviction.  Defendant has two prior convictions in the Navajo County Superior Court in Holbrook Arizona, as follows:  Cause No. CR96000161 for Possession of Dangerous Drugs for Sale and Cause No. CR96000165 for Possession of Dangerous Drugs (PSR pp. 4-5).  The first offense occurred October 5, 1995 and involved the sale by defendant and four other persons of seven grams of methamphetamine for $360.00 (PSR pp.4-5).  The second offense occurred January 10, 1996, when the defendant and a co-defendant sold four grams of methamphetamine and one gram of cocaine for $380.00 (PSR pp.5-6).  Defendant pled guilty in both cases and was sentenced to concurrent sentences of two-and-one-half years of imprisonment, four months of community service, and a $4,913.10 fine in each.

   The PSR correctly identifies defendant's convictions and properly assigns a criminal history value of three to each of them, for a total criminal history score of six and a Criminal History Category of III.  USSG Chapter 5, Part A.

   Although defendant does not specifically argue these two convictions were related, the Government has addressed that issue and correctly points out the convictions were not "related" for purposes of determining the proper criminal history score.  Defendant's prior convictions were not formally consolidated and defendant does not argue functional consolidation.  If he had, he would not prevail.  While it is true that both crimes involve the possession of dangerous drugs, that defendant was arrested on the same day for each case, that the same judge accepted defendant's pleas in both cases at the same time, assessed the same punishment in each, and ordered that they be served concurrently, it is also true that the crimes are factually different and occurred several months apart, one in October and one the

following January. Further, the defendant was charged in two separate cause numbers, and there were two separate judgments.

It has long been Fifth Circuit law that sentencing on the same day or in the same proceeding, *United States v. Metcalf*, 892 F.2d 43, 46 (5th Cir. 1990), or the imposition of identical concurrent sentences, *United States v. Ainsworth*, 932 F.2d 358, 361 (5th Cir. 1991), does not result in factually distinct offenses being considered to be "related" under USSG § 4A1.2(a)(2). It is the opinion and finding of the Court that the cases were not functionally consolidated and were properly counted as two separate offenses.

As to defendant's argument, asserted for the first time in his reply to the Government's response, that consideration of his previous convictions in both the determination of his Total Offense level and in the determination of his Criminal History Category resulted in a "double counting" of his prior convictions,[3] this argument is without merit.

The Fifth Circuit has recognized that "the guidelines do not contain a general prohibition against double-counting." *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001) (citing *United States v. Box*, 40 F.3d 345, 359 (5th Cir. 1995). "[D]ouble counting is prohibited only if it is specifically forbidden by the particular guideline at issue" and such prohibition must be in express language. *Id*. Section 2L1.2 does not expressly prohibit double counting.

Defendant's second ground of ineffective assistance of counsel is without merit.

---

[3] In determining defendant's total offense level, USSG § 2L1.2(b)(1)(A)(i) was applied, adding sixteen points to his total offense level (PSR p.4). When this was added to defendant's base offense level of eight and after a four-point downward adjustment for defendant's acceptance of responsibility, the resulting Total Offense Level was twenty one. In determining defendant's criminal history category, USSG § 4A1.1(a) was applied to each of defendant's prior convictions, resulting in a criminal history score of six and a Criminal History Category of III.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside, or correct sentence by defendant FRANCISCO GARCIA-ESCOBAR be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of July, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).